**(July 15, 1955.)**

■

In the Matter of the Accounting of SECURITY TRUST COMPANY OF ROCHESTER, as Executor and Trustee under the Will of JAMES S. WATSON, Deceased, Respondent. JEANNE W. AGOSTON, Appellant; J. SAWYER FITCH et al., Respondents.

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

*Per Curiam.* The only portion of the decree of the Surrogate's Court appealed from is that which construes the will of the testator as it relates to future judicial settlements. No one questions the accounts of the trustees as settled herein. This court might well hold that the question raised is not now before us. The decree recites that it is "Ordered, Adjudged and Decreed, that the trustee in exercising the discretion imposed upon it by the Will respecting the application of trust income is required to take into account the independent income of the respondent Jeanne W. Agoston and her husband". The provisions of the will have no relation to the husband of the respondent, Jeanne W. Agoston, nor to his daughter by a former marriage. The testator made no provision for them. Nor has the income of the said husband any relevancy to the question presented here. The so-called "family budget" which was employed by the trustee upon this judicial settlement is entirely foreign to the will of the testator. This appeal does not embrace the method used by the trustee so far as the present judicial settlement is concerned and we, therefore, are not called upon to pass upon it.

We are satisfied that it was not the intention of the testator, as gathered from his entire will, that the respondent, Jeanne W. Agoston, should take the entire income of the trust estate to the exclusion of the great granddaughters; certainly not unless the trustee "in its absolute discretion" should deem it necessary for "her suitable care and support." We construe the will as investing in the trustee the sole discretion of determining at any precise period

what amount is necessary, taking into account the clearly evident intent of the testator to apply some portion of the income to the other beneficiaries. In making such determination, the provisions of the decree appealed from unduly and unnecessarily circumscribe the "absolute discretion" given to the trustee by the will of the testator. Clearly the trustee is not "required" to take into account the income of the respondent's husband, any more than it may fix the amount to be allocated to the respondent by considering the living requirements of the husband and his daughter for whom the testator made no provision. Nor, indeed, may the "absolute discretion" of the trustee be limited by *requiring* it to take into account the independent income of the respondent herself. We are of the opinion that the question as presented to us on this appeal, compels the answer that the ordering paragraph of the decree appealed from should be modified to read: "Ordered, Adjudged and Decreed that the trustee in exercising the discretion imposed upon it by the Will respecting the application of trust income may take into account any independent income of Jeanne W. Agoston." As so modified, the decree should be affirmed.

All concur. Present — McCurn, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.

Decree insofar as appealed from modified, on the law, in accordance with the memorandum and, as modified, affirmed, with costs to all parties filing briefs payable out of the fund.